UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| HEATH WOMBLE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 4:15-CV-072-HSM-CHS |
| MARK LOGAN, KAY SOLOMON, and LAWRENCE CAMPBELL, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I.   FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Moore County jail, he will be **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when the monthly income exceeds ten dollars ($10.00), until the filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §S 1914(a) and 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Moore County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II.     SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Defendant Campbell committed "theft" when he took binoculars and a global positioning system ("GPS") "without [a] notification from [the] state" and told Plaintiff's father that he would bring them back, but did not [Doc. 2 p. 3–4].

Plaintiff also alleges that Defendant McGee strip searched a female inmate [*Id.* at 4].

Next, as to Defendants Logan and Solomon, Plaintiff alleges that they are in charge of the "upkeep of the jail," but the jail has toilets leaking water causing inmates having to walk through "sewer water," inmates on the floor, cells without hot and cold water, excessive charges for medicines, officers handing out medications without a license, charges for indigent packs, inmates put in a twelve man dorm without being tested for tuberculosis, guards serving food without food handling permit or hair nets, and diabetics who are not receiving proper meals [*Id.* 4].

Plaintiff further asserts that his First Amendment rights have been violated because inmates do not have full access to the law books and he was denied a notary on November 16, 2015 [*Id.*].

### IV. ANALYSIS

First, as to Plaintiff's allegation that Defendant Campbell executed an illegal seizure in violation of the Fourth Amendment, the complaint does not allow the Court to infer that this was

3

anything more than a "random and unauthorized act" for which the State of Tennessee provides an adequate post-deprivation remedy. *See* Tenn. Code Ann. § 9-8-301 *et seq.*; *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984).

As set forth above, Plaintiff also alleges that Defendant McGee strip searched a female inmate and that there are inmates on the floor at the jail, excessive charges for medicines, officers handing out medications without a license, charges for indigent packs, inmates put in a twelve man dorm without being tested for tuberculosis, guards serving food without food handling permits or hair nets, and diabetics who are not receiving proper meals. These general, factually unsupported allegations, however, do not allow the Court to plausibly infer that these incidents affected Plaintiff in a manner that may have violated his constitutional rights, and Plaintiff does not have standing to assert another person's Fourth Amendment rights. *Rakas v. Illinois*, 439 U.S. 128, 130–135 (1978). Accordingly, these allegations fail to state a claim upon which relief may be granted under § 1983.[1]

Plaintiff next alleges that some jail cells do not have hot or cold water and that the jail has toilets that leak "sewer water" through which Plaintiff and other inmates have to walk involve the conditions of Plaintiff's confinement. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison

---

[1] Further, to the extent that Plaintiff seeks prosecution of any Defendant, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, any such request would likewise fail to state a claim upon which relief may be granted under § 1983.

authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Nothing in the complaint suggests that the lack of hot or cold water and/or the leaking toilets create an unreasonable risk of damage to Plaintiff's health. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (holding that an allegation that creates the possibility that a plaintiff might later establish undisclosed facts supporting recovery does not state a plausible claim). Accordingly, these alleged conditions of confinement do not raise Plaintiff's right to relief "above a speculative level" and therefore fail to state a claim. *Id.* at 555, 570 (2007).

Lastly, the Court liberally construes Plaintiff's allegations that inmates do not have full access to law books and that he was denied a notary as asserting a claim for denial of access to courts. An inmate has a right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to establish such a claim for violation of this right, a plaintiff must show that his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement have been obstructed. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As Plaintiff has alleged no such prejudice, this claim fails to state a claim upon which relief may be granted under § 1983.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] will be **GRANTED**. Even liberally construing the complaint in favor of Plaintiff, however, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

            */s/ Harry S. Mattice, Jr.*
            HARRY S. MATTICE, JR.
            UNITED STATES DISTRICT JUDGE